UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENTLE THOMAS JR., ET AL,

                          Plaintiffs,

            -against-

TESLA INC.,

                          Defendant.

26-CV-1640 (GBD)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Gentle Thomas Jr., who is currently incarcerated at the Wabash Valley Correctional Facility, which is operated by the Indiana Department of Corrections, brings this action *pro se* against Defendant Tesla, Inc., asserting unjust enrichment claims under New York law on behalf of himself and 42 other plaintiffs.[1]  Plaintiff also requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

### A.      Claims Brought on Behalf of Other Plaintiffs

This Court must dismiss any claims Plaintiff Gentle Thomas Jr. attempts to bring on behalf of others.  This is because *pro se* litigants who are not attorneys cannot represent others.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted).  Here, Plaintiff does not include information showing that he is an attorney.  Nor have the other individuals who are named as plaintiffs signed the complaint or otherwise shown intent to join this action.[2]  This Court therefore dismisses any

---

[1]None of these plaintiffs have signed the complaint or filed applications to proceed *in forma pauperis*.

[2]This Court notes that mailings sent to the other named plaintiffs have been returned to this Court as undeliverable.

claims brought by individuals other than Plaintiff Gentle Thomas Jr., without prejudice to filing their own lawsuits on their own behalf.

**B.     Prison Litigation Reform Act**

Plaintiff has been recognized as barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner.[3] *See Thomas v. Martin*, No. 2:25-cv-00350 (JRS) (MKK) (S.D. Ind. Jan. 13, 2026). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). For the imminent danger exception to apply, a plaintiff must allege not only that he was in imminent danger when he filed the complaint but also show that there is a "nexus between the complaint's claims and the alleged imminent danger." *Carter v. Doe*, No. 25-93, 2025 WL 2335984, at *1 (2d Cir. July 16, 2025) (citing *Chavis v. Chappius*, 618 F.3d 162, 170-71 (2d Cir. 2010)); *Pettus*, 554 F.3d at 298.

The complaint must be dismissed under Section 1915(g) because it does not show that Plaintiff is in imminent danger of serious physical injury. Plaintiff alleges that, on January 28,

---

[3] *See Thomas v. C.R. England Transportation*, 2:25-CV-00174 (MPB) (MJD) (S.D. Ind. May 1, 2025) (dismissal for failure to state a claim); *Thomas v. Carter*, 2:24-CV-00332 (JRS) (MJD) (S.D. Ind. Jan. 13, 2025) (dismissal for failure to state a claim); *Thomas v. Goffinet*, 2:24-CV-00193 (S.D. Ind. Nov. 13, 2024) (dismissal for failure to state a claim); *see also Thomas v. Mitchell*, No. 2:25-CV-00444 (MPB) (MG) (S.D. Ind. Oct. 8, 2025) (revoking IFP status because Plaintiff had received three strikes), and *Thomas v. Madison*, 1:26-CV-20071 (AHS) (S.D. Fla. Jan. 14, 2026) (denying Plaintiff's motion for leave to proceed IFP because of three-strike rule), *adopted by Thomas v. Madison*, No. 26-CV-20071 (AHS), 2026 LX 74241 (S.D. Fla. Feb. 12, 2026).

2026, his family member purchased a vehicle on Defendant's website, and that, as a result of that transaction, Plaintiff's bank account reflected a negative balance; Plaintiff further alleges that on January 29, 2026, he asked Defendant to reverse the transaction and that the vehicle was never delivered to the address designated by Plaintiff's family member. (ECF No. 1 at 6.) Because these claims do not allege that Plaintiff is in imminent danger of serious physical injury, Section 1915(g) bars Plaintiff from filing this action IFP.

Plaintiff's argument that he meets the imminent danger exception is insufficient. Although he alleges that he attempted suicide on February 11, 2026, and asserts that he is prone to "suicide episodes" that are "unpredictable" (ECF No. 5 at 2), these incidents have no nexus to Plaintiff's claims. *See, e.g., Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (affirming denial of IFP status, noting that plaintiff had accrued five strikes and his complaint concerned visitation rights at prison and did "not allege danger of serious physical injury"). As noted earlier, the complaint against Defendant lacks any allegations of imminent danger, much less a nexus between Defendant's conduct and any alleged imminent danger. Plaintiff's assertions, even if they were sufficient to show imminent danger, are not related to his claims against Defendant. This Court therefore denies Plaintiff's motion to proceed IFP and dismisses Plaintiff's claims without prejudice under Section 1915(g).

## CONCLUSION

This Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[4] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[5] *Id.*

This Court denies Plaintiff's application for the court to recruit *pro bono* counsel as moot. (ECF No. 4.)

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: **APR 2 3 2026**
New York, New York

_George B. Daniel_
GEORGE B. DANIELS
United States District Judge

---

[4]Plaintiff may commence a new action by paying the filing fees. If Plaintiff files an action against a government official or employee while a prisoner, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires this Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5]This Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227–30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

4